## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MILTON JOSEPH TAYLOR,** | : | **Civil Action No. 05-1634 (EGS)** |
| **Petitioner** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ELEANOR HOLMES-NORTON,** | : | |
| **U.S. PAROLE COMMISSION et al,** | : | |
| **Respondents** | : | |

### UNITED STATES' OPPOSITION TO PETITIONER'S PETITION
### FOR AN EMERGENCY WRIT OF MANDAMUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their opposition to the petitioner's pro se emergency writ of mandamus, properly construed by the Court as a petition for a writ of habeas corpus. The petitioner claims that the United States Parole Commission ["Commission"] is an unconstitutional entity operating in an unlawful manner and, as such, has no authority and jurisdiction over his sentence. Because the Commission has not taken any adverse action with regard to the petitioner, who is on supervised release, and because the constitutionality of the Commission and its authority to revoke parole and supervised release is well established, the petitioner's petition for an emergency writ of mandamus should be summarily denied.

### BRIEF PROCEDURAL HISTORY

The petitioner, Milton Joseph Taylor, was convicted in F4745-01 of distribution of heroin and, on May 7, 2004, his probation was revoked and he was sentenced to a twenty month term of imprisonment, to be followed by two years of supervised release. See Exhibit 1 (Sentence

Monitoring Computation Data).[1]  By order dated April 14, 2005, the Commission added a special

drug aftercare condition to the petitioner's conditions of supervised release. See Exhibit 2

(Notice of Action.)  This decision was administratively appealable, but the petitioner did not file

an appeal. Id.

   The petitioner was released to his supervised release term on May 23, 2005, to remain

under supervision for 24 months. See Exhibit 3 (Certificate of Supervised Release).  Among the

standard conditions of supervised release is a condition which provides that: "You must provide

a DNA sample if the officer supervising you determines that collection of such sample is

required by law." Id. at  p. 3. At the present time, the petitioner remains on supervised release

and the Commission has not initiated any adverse action against the petitioner.

## ARGUMENT

   Although the petitioner styles his pleading as a petition for an emergency writ of

mandamus, the Court has properly construed his claim as a petition for writ of habeas corpus.

Because this claim relates solely to the execution of the petitioner's sentence and necessarily

affects the validity and duration of his supervised release term, this claim must be raised

through a petition for a writ of habeas corpus. See Chatman-Bey v. Thornburgh, 864 F.2d 804,

808-10 (D.C. Cir. 1988) (en banc)(habeas corpus is the exclusive remedy for a federal prisoner

challenging his parole eligibility date); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373

(D.C. Cir 2000) (habeas is the exclusive remedy for a federal prisoner bringing any claim that

---

[1]Because the petitioner's offense occurred after August 5, 2000, he was sentenced under
the District of Columbia Sentencing Reform Amendment Act of 2000 which specifically places
defendants on supervised release under the authority of the Commission. See D.C. Code § 24-
403.01(b)(6).

would have a 'probabilistic impact' upon the duration of his custody); Bourke v. Hawk-

Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001) (same); In Re Peltier, 2004 WL 3019530, *1

(D.C. Cir. Dec. 30, 2004) (same); Forrester v. U.S. Parole Comm'n., 310 F.Supp.2d 162, 168-

170 (D.D.C. 2004) (same); see also Alston v. United States, 590 A.2d 511, 514 (D.C. 1991)

(challenge to execution of sentence must be raised in petition for a writ of habeas corpus);

United States v. Mares, 868 F.2d 151, 151-52 (5th Cir. 1989) (per curiam) (challenge as to

sentence calculation must proceed under habeas provision); United States v. Kennedy, 851

F.2d 689, 690 (3rd Cir 1988) (challenge to execution of federal sentence properly challenged

under habeas provision).[2]

**A. Petitioner Lacks Standing to Raise His Claims**

  The petitioner claims the U.S. Parole Commission has no authority over his sentence or

any ability to revoke his supervised release because it is an unconstitutional entity that violates

the separation of powers doctrine.  Specifically, the petitioner challenges the Commission's

authority to issue parole violator warrants, to conduct parole revocation proceedings, to forfeit

a parolee's "street time" upon revocation, and to order a person on parole or supervised release

---

[2]Wilkinson v. Dotson, 125 S.Ct. 1242 (2005), does not dictate a different result. In that case, the Supreme Court held that state prisoners may challenge the constitutionality of parole procedures under 42 U.S.C. § 1983, and need not resort to habeas, where the challenge would not "necessarily demonstrate the invalidity of confinement or its duration." Id. at 1248.  Here, by contrast, the petitioner's challenge to the execution of his sentence, if successful, would necessarily shorten the duration of his supervised release term. Therefore, habeas is the exclusive remedy for the petitioner's claims. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (habeas is exclusive remedy for state prisoner challenging deprivation of good time credits).
  It also should be noted that the Court has jurisdiction over this petition for a writ of habeas corpus because the petitioner is on supervised release in the District of Columbia. See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (a petitioner who is on parole is "in custody" for purposes of the habeas statute); Matthews v. Meese, 644 F.Supp. 380, 381 (D.D.C. 1986) (custodian of a parolee is his parole officer).

to submit to a DNA test.  In order to have standing to present an issue to a court, a petitioner must "show an injury to himself that is likely to be redressed by a favorable decision." Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 38 (1976).  The injury must be "distinct and palpable" and not "abstract" or "conjectural" or "hypothetical." Allen v. Wright, 468 U.S. 737, 751 (1984).  "[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." Id. at 752; see O'Shea v. Littleton, 414 U.S. 488, 496 (1974) (plaintiffs did not establish standing where the threat of adverse action  was not "sufficiently real and immediate to show an existing controversy simply because [the plaintiffs] anticipate violating lawful criminal statutes and being tried for their offenses").

In petitioner's case, it is abundantly clear that he does not have standing to raise his claims.  With regard to the Commission's authority to revoke the parole of D.C. Code offenders and forfeit "street time," the petitioner is not on parole and has not been subject to a parole revocation. To the extent that his claim can be construed as regarding the Commission's authority to revoke supervised release, the petitioner's supervised release has not been revoked, and will not be revoked unless he violates the conditions of supervision. It is therefore premature for him to complain about any possible future revocation of supervised release. Likewise, to the extent that the petitioner is complaining about a future potential supervised release violator warrant, such a warrant has not been issued and thus his claim is not ripe. In the event he violates his conditions of supervision and a warrant is issued and executed, the petitioner will then have standing to challenge the Commission's authority. Finally, there is no evidence that the petitioner has been ordered to submit a DNA sample and thus lacks standing

to challenge the constitutionality of this standard condition of release. See Smith v. U.S. Parole Comm'n.,1992 WL 393193, *1 (6th Cir. December 21, 1992) (petitioner's complaint that his sentences were not running concurrently was premature given that his revocation hearing had not yet been held); Hopper v. U.S. Parole Commission, 702 F.2d 842, 845 (9th Cir. 1983)(until a revocation hearing is held, a controversy over credit for pre-trial confinement is not ripe). Given that the Commission has not initiated any adverse action toward the petitioner, his petition should be denied because he lacks standing to raise any challenge to events that have not yet occurred.

**B.  Constitutional Authority of the U.S. Parole Commission Is Well Established.**

In his petition, the petitioner challenges the Commission's authority and jurisdiction over his sentence and its ability to revoke his supervised release. The petitioner argues that the Commission lacks this authority because it is not an Article III court with judicial power and the Commission's actions violates the separation of powers doctrine. The petitioner also argues that the Commission has no jurisdiction of D.C. Code prisoners and parolees, and that the Commission has no authority to forfeit his time spent on supervised release, i.e., street time, should he violate the terms of his supervision.

The Commission has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. See D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). Rather, the Commission has full authority to grant, deny, or revoke a D.C. offender's parole, pursuant to D.C. Code § 24-131(a), and similar authority over persons on supervised release, such as the petitioner, pursuant to D.C. Code §§ 24-133(c)(2), 403.01(b)(6).

The constitutional authority of a parole agency to detain a parolee, and to return the parolee to prison upon an order revoking parole, is well established.  See Morrissey v. Brewer, 408 U. S. 471, 478-80, 485-89 (1972). See also United States v. Addonizio, 442 U.S. 178, 188 (1979) ("The decision as to when a lawfully sentenced defendant shall actually be released has been committed . . . to the discretion of the Parole Commission").  A parole agency's exercise of its authority does not violate the separation of powers doctrine and does not unconstitutionally infringe on a judicial function. See Simpson v. Ortiz, 995 F.2d 606, 610-11 (5th Cir.) (Parole Commission did not violate doctrine of separation of powers by establishing parole eligibility guidelines), cert. denied, 510 U.S. 983 (1993);  Geraghty v. U. S. Parole Comm'n, 719 F.2d 1199, 1211-12 (3rd Cir. 1983)(Commission does not perform a "judicial function" when it grants and denies parole), cert. denied, 465 U.S. 1103 (1984);  Artez v. Mulcrone, 673 F.2d 1169, 1170 (10th Cir. 1982) (federal parole statute is not an unconstitutional delegation of judicial power and does not usurp the judicial function;  "[i]n granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls").  Because revocation of parole is not a new criminal prosecution in any sense, see Maddox v. Elzie, 238 F.3d 437, 443 (D.C. Cir.), cert. denied, 534 U.S. 836 (2001); cf. id. at 445 ("Morrissey, [supra,] makes clear that parole revocation is not the continuation of a criminal trial but a separate administrative proceeding at which the parolee does not possess the same rights as a criminal defendant at trial.") (emphasis added), the Commission does not usurp Article III powers when it revokes a

released prisoner's parole.[3]

The petitioner also challenges the authority of the Commission to forfeit time spent on parole, otherwise known as street time. However, the petitioner is not on parole, rather, he is on supervised release.[4] The Commission's authority over the petitioner's supervised release term

_____

[3]For most purposes, supervised release is the functional equivalent of parole and therefore cases interpreting parole are fully applicable to cases involving supervised release. See, e.g. United States v. Frazier, 26 F.3d 110, 113-14 (11th Cir. 1994) (no significant conceptual difference between revocation of probation or parole and revocation of supervised release concerning applicability of rules of evidence); United States v. Blackshear, 1993 WL 288297, *5 (6th Cir. July 29, 1993) (no underlying difference between probation revocation hearing and supervised release revocation hearings for purposes of applying the exclusionary rule), cert. denied, 510 U.S. 1076 (1994).

Although the petitioner relies upon Mistretta v. United States, 488 U.S. 361 (1989), Mistretta does not support his argument. In Mistretta, the Supreme Court upheld the constitutionality of the U.S. Sentencing Guidelines and the establishment of the Sentencing Commission against nondelegation and separation of powers challenges. In discerning no impediment under the separation-of-powers doctrine to placing the Sentencing Commission-which does not exercise judicial power, but rather has as its primary task the promulgation of sentencing guidelines–within the judicial branch, the Court observed that "the sentencing function long has been a peculiarly shared responsibility among the Branches of Government and has never been thought of as the exclusive constitutional province of any one Branch." Id. at 384-85, 390 (citations omitted). Finally, Mistretta precludes petitioner's reliance on decisions like Unites States v. Estrada, 680 F.Supp. 1312 (D. Minn. 1988), rev'd, 873 F.2d 1449 (8th Cir. 1989).

[4]Even if the petitioner were on parole, which he is not, he would nonetheless lack any entitlement to relief with respect to forfeiting his street time upon revocation of parole. The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that street time is properly forfeited. See D.C. Code § 24-406(a) (when parole is revoked, none of the time spent under parole supervision will be credited toward the sentence); United States Parole Comm'n. v. Noble, 693 A.2d 1084, 1085 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); see also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Redrick v. Williamson, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked); McQueen v. U.S. Parole Comm'n., 2005 WL 913151, *2 (D.D.C. April 19, 2005) (same); Simmons v. U. S. Parole Comm'n., 2005 WL 758258, *2 (D.D.C. April 1, 2005) (same). Additionally, the District of Columbia Court of Appeals has ruled squarely that the forfeiture of street time does "not violate the Ex Post Facto or Due Process Clauses" of the Constitution.

does not derive from the federal parole statute, which the petitioner challenges, but rather, is authorized by D.C. Code §§ 24-133(c)(2), 403.01(b)(6), which give the Commission authority over all D.C. Code offenders serving terms of supervised release and largely gives the Commission the same authority as is vested in the U.S. District Courts by 18 U.S.C. § 3583. According to 18 U.S.C. § 3583(e)(3), when the Commission revokes a term of supervised release, an offender may be required to serve all or part of the term of supervised release authorized by statute without credit for time served on post release supervision. See also 28 C.F.R. § 2.218(c);  United States. v. Hager, 288 F.3d 136, 137-38 (4th Cir.) (holding that an offender does not receive credit for time previously served on post-release supervision and denying credit for time spent in home confinement as a condition of supervised release), cert. denied, 537 U.S. 962 (2002). Therefore, there is no basis in law for the petitioner's argument that the Commission lacks authority to forfeit time spent on supervised release after revocation.[5]

## CONCLUSION

_____Accordingly, the petitioner's petition for an emergency writ of mandamus should be

---

Davis v. Moore, 772 A.2d 204, 209 (D.C. 2001)(en banc); see also Jones, supra, 2002 WL 31189792 at *1 (no Ex Post Facto violation when sentence was recalculated to exclude any credit previously given for street time); Wade v. Figueroa, 2005 WL 607974, at *2 (D.D.C. March 15, 2005) (same); Redrick v. Williamson, supra, 2005 WL 1155041, at *4 (forfeiture of "street time" for D.C. offenders does not violate Ex Post Facto or Due Process clauses). Thus, the Commission can forfeit all of the time spent on spent on parole if parole is revoked.

[5]With regard to the petitioner's challenge to the Commission's authority to order a DNA sample, the respondents note that courts have upheld against constitutional challenges the requirement that a releasee provide DNA under the DNA Analysis Backlog Elimination Act of 2000, a federal statute requiring certain probationers and releasees to provide DNA samples. See United States v. Kincade, 379 F.3d 813, 830 (9th Cir. 2004) (collecting cases), cert. denied, 125 S.Ct. 1638 (2005); Johnson v. Quander, 370 F.Supp.2d 79, 86-99 (D.D.C. 2005).

summarily denied.

    A proposed order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____

ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____

SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the United States' Opposition has been electronically filed with the Court and served by mail upon the petitioner, Milton Joseph Taylor, Fed. Reg. No. 06193-016, 1175 Steven Road, S.E., Washington, D.C. 20020 this 12th day of October, 2005.

_____

Sherri L. Berthrong
Assistant United States Attorney

-9-