UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON JOSEPH TAYLOR,

        Petitioner

       v.                    Civil Action No. 05-1634
                            (EGS)

ELEANOR HOLMES-NORTON,
U.S. PAROLE COMMISSION et al,

        Respondents.

THE PETITIONER MOTION TO STRIKE THE GOVERNMENT"S
OPPOSITION MOTION AND TO GRANT HIS EMERGENCY WRIT
OF MANDAMUS AS JUSTICE -REQUIRES UNDER THE LAW.

    The petitioner, acting "PRO SE" in the above Caption Case,
respectfully request that this Honorable Court to "STRIKE" the
Government's opposition motion to deny the petitioner's imposing
Writ of Mandamus, which was construe as a Writ of Habeas Corpus,
pursuant to the Civil Procedure Rule No. _____.

    In this case at Bar, the United States Assistant Attorney
(Robert D. Okun and Sherri L. Berthrong) had seek to "OBSTRUCT"
the due administration of justice by protecting the respondents
wrong-doings in this case, when Congress-Woman Eleanor Holmes-
Norton has enacted criminal statutes that authorized the U.S. Parole
Commission to operate in a "FRAUDULENT MANNER" to affect D.C. Code
Offenders Constitutional Rights. The petitioner contends that the
U.S. Parole Commission is an unconstitutional entity operating in
an unlawful manner to "KIDNAPPED" D.C. Code offenders in jail, with-

out affording D.C. Code Offenders proper due proces of law, under
their state procedure laws.

## DUTIES OF THE PARTIES INVOLVE

Pursuant to Title 28 U.S.C. § 1361. Action to compel
an officer of the United States to perform his duty:

> The district courts shall have original juris-
> diction of any action in the nature of mandamus
> to compel an officer or employee of the United
> States or agency thereof to perform a duty owed
> to the plaintiff/petitioner.

The Canons of Professional Ethics must be enforce by
members of the Bar, if they are to maintain public confidence
in the integrity and impartiality of the administration of
justice.  In re Meeker, 76 N.M. 354, 357, 414 P. 2d 862, 864
(1996) appeal dismissed, 383 U.S. 499 (1997).  Furthermore,
Code of Judicial Conduct, A.B.A. Standard Canon Code Number 3
(1) states that:

> ' a judge should be faithful to the law and
> maintain professional competence in it.  He
> should be "UNSWAYED" by partisan interests,
> public clamor, or fear of criticism.

The prosecutor have a legal duty to file charges against
any citizen or law enforcement officer who engage into a criminal
activity and charges must be filed against the defendant.  Any
bad provision of laws discover in this case, must be review under
a "FEDERAL QUESTION".  Congress cannot set any laws in defiance
with impunity, which will infringe upon a prisoner or citizen Con-

stitutional Rights at all. See Butz v. Economou, 57 L. Ed 2d 895. No governmental officials have judicial, executive or legislative power to "deviate" away from the respectfully Supreme Laws, without being open for a "LAW SUIT". See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 L. Ed. 2d 396 (1982).

The prosecutor request that this case be dismissed, because the petitioner has not faced any Supervised Release Term violations. The petitioner does not have to suffer any prison confinement to challenge the unconstitutional parole proceedings, because the U.S. Marshal can pick up the petitioner at any time, whether it be a new criminal arrest, positive urine testing, Failure to report to his parole officer, failure to test as schedule, etc. These are future "THREATS" that will bring the petitioner back into the custody of the D.C. Jail, without a judicial "SHOW CAUSE HEARING."

The D.C. Circuit was squarely faced with the issue of whether a prisoner can be incarcerated without a judge signing an official Judgment and Commitment Order. See Taylor v. U.S. Probation Office, et al., Case No. 03-5370, decided June 3, 2005.

The petitioner now "PROTEST" both Notice of Action as being unconstitutional applied to his Supervised Release custody, as attached to the Government's Opposition Motion (Exhibit No.2 and 3). The petitioner correct release date was June 17, 2005 and not May 23, 2005, which the Certificate of Supervised Release form must be void. The petitioner now clarify that the Bureau of Prison officials had taken a "DNA Test" from him and urine testing are a

self-incriminating parole condition process that violates his/
her Fifth Amendment Rights. The petitioner contends that Miranda
Rights are require to be annouce to all parole or Supervised
Release offenders before any DNA can be physically taken from
them. This physical intrusion, penetrating beneath the skin,
infringes upon an expectation of privacy that society is pre-
pared to recognize as reasonable. Skinner v. Railway Labor
Executive Ass'n., 489 U.S. 602, 616 (1989). SEE ExHibi7 No. A & B.

        The collection of a DNA sample taken from any individual
who refuses to give a sample is a threat to his or her human
nature and Constitutional Rights invaded by Congress and those
who execute the physical acts. Whether the enforcement comes
through a court order or not, it will still remains to be un-
constitutional under the Fourth Amendment, Fifth Amendment, Eighth
Amendment and the Fourteenth Amendment Rights. A person cannot
become a suspect for a future charge that the government has an
"unparticularized suspicion or hunch." U.S. v. Sokolow, 490 U.S.
1, 7, 104 L. Ed. 2d 1, 10 (1989) (Terry v. Ohio, 392 U.S. at 27,
20 L. Ed. 2d at 909). The Fourth Amendment to the United States
Constitution provides that "[t]he right of the people to be secure
in their persons, houses, papers, and effects, against unreasonable
searches and seizures, shall not be violated ..." Requiring a
person to give blood sample constitutes a Fourth Amendment search.
A person cannot be incarcerated because he refused to attend a
"DRUG TREATMENT PROGRAM."

The ensuing chemical analysis of the sample to obtain physiological data is also a search covered by the Fourth Amendment. Id. The fundamental task of any Fourth Amendment analysis is assessing the reasonableness of the government search. U.S v Knights. 534 U.S. 112, 118 (2001). If the search is reasonable, there is no constitutional problem, for the Fourth Amendment only protects individuals from unreasonable search and seizures. Skinner, 489 U.S. at 619. Determining whether a search is reasonable "depends on all of the circumstances surrounding the search or seizure and the nature of the search or itself." Skinner, 489 US at 619.

The Government is bound by the law to find a person guilty "BEYOND A REASONABLE DOUBT" before a jury of the defendant's peers. Sham laws, statutes, court's rules and legal "DECEPTIONS" cannot pervert justice or give lee-way to the prosecutors carry-out the law in bad faith or manipulate the law, because the misconduct will result to a "FRAUD UPON THE COURT." The Criminal Procedure Rule No. 403 prohibit all prosecutors from entering prejudicial materials into a person's trial, as stated below:

> " Although relevant, evidence may be excluded if its probative value is substantial outweighed by the danger of unfair prejudice, confusion of the issues, by the misleading the jury, or by consideraTIONS OF UNDUE DELAY, waste of time, or needless presentation of cumulative evidence.

Whether the District Attorney Office for the District of Columbia decide to indict a parolee or Supervised Release offender on a criminal charge suchas rape or murder in the future, his recorded "DNA" match data file cannot be used against him in a Jury Trial because it will "SELF-INCRIMINATE" the person being charge. This constitute that "DNA SAMPLE" under parole condition regulation and court's procedure are unconstitutional.

Today, there can be no doubt that the Fifth Amendment privilege serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves. <u>Miranda</u> v. <u>Arizona</u>, 384 U.S. 436 (1966). A person subjected to custodial interrogation is entitled to the benefit of the procedural safeguards enunciated in <u>Miranda</u>, regardless of the nature or severity of the offense of which he is suspected or for which he was arrested. <u>Berkemer</u> v. <u>McCarty</u>, 468 U.S. 420, 434 (1984).

Decision by the D.C. Circuit anticipated and now echo the <u>Connelly</u> rule that the proper judicial focus is on police conduct. In <u>United States</u> v. <u>Bernett</u>, 495 F. 2d 943, 965-66 (D.C. Cir. 1974), the majority held: "The language of the self-incrimination clause '[n]o person ... shall be compelled in any criminal case to be a witness against himself ...' demonstrates that some form of governmental compulsion is a basic element of an involuntary confession." (emphasis in original). See also <u>U.S.</u> v. <u>Yunis</u>, 859 F. 2d 953, 962 (D.C. 1988).

# PRELIMINARY FACTS

The appellant's probation was revoked on May 7th, 2004, which the sentencing judge had imposed a Twenty (20) months in jail and a Two (2) years Supervised Release Term, with credit for time served in Pretrial Custody from July 30, 2001 thru June 14, 2002. The appellant's Judgment and Commitment Order stipulates as follow:

> " Your term of supervised release is 2 years, which begins when you are release from imprisonment, unless otherwise provided by law. You must comply with conditions set forth on this certificate. In addition, when you report to your Supervision Officer after release from custody, your Supervision Officer will notify you of additional conditions that apply to you during your term of supervised release. If you fail to comply with any condition of supervised release, the United States Parole Commission may take action against you. That action may include revoking your term of supervised release. SEE Exhibit No. k & L

— 6 ½ —

Futhermore, in most cases, Law Enforcement Agents seeks
to search the minds of a person, by asking question concerning
a crime, which will also result to a violation of the 4th Amend-
ment Rights, mainly in the course of a Governmental Sting Oper-
ation.

The Government had missed the mark, by trying to persuade
the court, that the petitioner must first be subjected to some
type of punishment by the U.S. Parole Commission's Panel. How-
ever, a plaintiff need not first expose himself or herself to
actual arrest or prosecution to be entitled to challenge a statute
that he claim deters the exercise of his constitutional rights.
See Boggs v. Bowron, 842 F. Supp. at 547 (D.D.C. 1993). Steffel
v. Thompson, 39 L. Ed. 2d 505 (1994).

The petitioner have a brother confined within the Bureau
of Prisons ( F.C.I., Beckly West Virginia) name Melvin Jerome
Taylor had just received a Five (5) years parole sanction in jail,
when it is unreasonable for a prisoner to violate his parole in
jail, before his physical body will touch society. The petitioner
have another brother name Maurice D. Taylor, which he was redetain
on a parole warrant by the U.S. Marshal Services on August 31, 2005
and he's being unlawfully helded at the Correctional Treatment
Facility (CTF) without a Judgment and Commitment Order signed by
an U.S. Magistrate judge, pursuant to the Criminal Rule No.32.1 .
The petitioner's had filed a writ in this court for his brother also
against the U.S. Parole Commission. See Civil Case No.05-1887

SEE EXHiBiT No. C, D, E, F, G, H, I, And J.-(1,2,3)

Futhermore, the petitioner have another brother name Michael Anthony Taylor who 8 To 25 years had already expired under his Superior Court sentence, but his sentence still remain to be under the jurisdiction of the U.S. Parole Commission and the Court Service and Offender Supervision Agency For The District of Columbia, because his "STREET TIME" was taken away from him. The petitioner have an uncle name Milton Jones which his 4 To 12 years had expired also and the U.S. Parole Commission "LACKS JURISDICTION OF HIS ORIGINAL SENTENCE."

The Government does not want to understand the provision of statutory laws that had violated the "DOUBLE JEOPARDY CLAUSE AND THE EXPOST FACTO CLAUSE." Once Congress had enacted a criminal statute (D.C. Code 24-406, 28 C.F.R. § 2.218(c) and 18 U.S.C. § 3583(e)(3) to forfeit time spent on parole or Supervised Release, strongly sustain a "SECOND-PUNISHMENT" for serving parole twice once a parolee sentence had been "REVOKED" and than return back to society to serve that parole term again. See North Carolina v. Pearce, 23 L. Ed. 2d. 656. The expost facto laws states that D.C. Code offenders must remain to serve their state-sentence under the 65 Percent Scale Law, but parole, probation and supervised release offenders violator, are being subjected to serve their violation term under the 85 Per Cent Scale Law, once they are confined to the Bureau of Prisons, in violation of Article I, Section 9, Clause No.3 which stipulates below:

> " No Bill or Attainer or Ex Post Facto Law shall be passed."

A sentence imposed outside the range of the applicable sentencing guidelines will be reverse only if it is unreasonable. 18 U.S.C. § 3742 (e) (2).  See U.S. v. Goodman, 914 F. 2d 296, 697-698 (5th Cir. 1990).

This Honorable Court have jurisdiction to review these claims only to the extent he/she alleges that prison officials has violated the Constitution or acted beyond the scope of discretion granted by Congress.  Id. at 60, quoting Wallace v. Christensen,  802 F. 2d 1539, 1551 (9th Cir. 1996).  In this case at bar, the standard of judicial review is whether the agency action is 'arbitrary, capricious, an abused of discretion, or otherwise not in accordance with the law.  5 U.S.C. § 706 (2) (A) (1976).  Abused of discretion may be found "only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law.  See Song Jook Suh v. Rosenberg, 437 F. 2d 1098, 1102 (9th Cir. 1971). Furthermore, parole decision are "NON-APPEALABLE" in regards to serving a "NOTICE OF ACTION" on a parolee and the petitioner's appellate rights has been "ABOLISHED."  SEE ExHibiT No. D AND I.

The petitioner is compelled to accept the lowest parole guidelines factor or file his own Writ of Habeas Corpus in the U.S. District Court for relief.  28 U.S.C. § 2243 suppose to be a 3 Days extraordinary remedy for review and it has not bEEN RE-cognize by the court.  This is why the petitioner had filed his own "WRIT OF MANDAMUS" trying To compel Congress To recall the U.S. Parole Commission's unlawful authority over D.C. Code Offenders.

## WHY THE WRIT SHOULD BE GRANTED

The gravamen of the petitioner's complaint is that parole officials have no proper authority to exercise judicial function over any parolee or supervised release offenders. Parole officials had used "PRE-PONDENCE OF EVIDENCE" as legal leverage to re-detain parolee back into jail, whether they had been aquittal on their alleged criminal charges. This adverse action taken by the U.S. Parole Commission is a gross injustice and his authority extends beyond the Judicial and Legislative Branches, in violation of the "SEPARATION OF POWER." A jury of one's peers, must make a final "VERDICT" on all indicted charges and not the U.S. Parole Commission acting "OUTSIDE OF THE LAW."

Mr. Taylor was offered an 18 months Cap prior to pleading guilty to his state charge, but his sentencing judge had "BREACHED" the above cap, by re-sentencing Mr. Taylor 20 months in jail and Two (2) years Supervise Release Term. Mr. Taylor did had served a total of 24 months in jail, on a 20 months state sentence, which was 6 months above the 18 months cap. The same U.S. Attorney Office is representing the respondents in this case, but to the contrary, asking this court to dismiss his writ, when Mr. Taylor sentencing judge had refused to ever review Mr. Taylor's state remedy (D.C. Code 23-110) as require under his A.B.A. Canon Codes Standard. This constitute a "FEDERAL JURISDICTION" to review this case and the prosecutors are barred from making any arguments in this case at all."

## ARGUMENT

This Honorable Court must search beyond the Legislative Intent of Congress abusive power, re-visit the "PHASE-OUT AND PHASE-IN" of the U.S. Parole Commission's authority. Congress-Woman Eleanor Holmes-Norton has extended the U.S. Parole Commission Five (5) years and more to do harm to D.C. Code Offenders by enacting bad statutes authorizing the U.S. Parole Commission to unlawfully "KIDNAPPED" parolees amd Supervised Release Offenders to be detain behind "BARS" without an official "JUDGMENT AND COMMITMENT ORDER." A detainer has been "SUBSTITUTED" to keep parolees in jail unconstitutionally.

It is well established under Federal Law, that the U.S. Parole Commission has been "ABOLISHED" by two (2) Federal cases, as cited under U.S. v. Estrada, 680 F. Supp. 1312, at 1338 (1988) (accordingly, because offenders will no longer be paroled after serving only a portion of the sentence imposed, the Act eliminates the Parole Commission. See Comprehesive Crimie Control Act of 1984. Public Law No. 98-473, Title, § 235, 98 Stat. 2031-2024 (1984). See also, Mistretta v. U.S., 488 U.S. 361 (1989) (In the year of 1992, the Supreme Court Justice Judges had declarded that the U.S. Parole Commission was also "ABOLISHED.)" For this above cause, a Writ of Mandamus must be issue against the "DIRECTOR OF THE BUREAU OF PRISONS" to release all D.C. Code Offenders parole violators. On Aug. 5th, 1998, the U.S. Parole Commission also assumed the parole revocation functions regarding D.C. Code of the former D.C. Board of Parole. See D.C. Code § 24-131 and 133.

The Federal Question that arise herein, is whether Congress has created criminal statutes that had "SUPERSEDED" the rulings of the Nine (9) Justice of the Supreme Court's precedent for "ABOLISHED" the U.S. Parole Commission's authority over federal parolees. On the contrary, Congress has a duty to make proper laws for the court and "EXECUTIVE OFFICIALS" to enforce under their own functions, but in this case, the U.S. Parole Commission gets a chance to exercise a judicial function in the criminal process unlawfully in bad faith.

By statute, D.C. Code §§ 24-133(c)(2), 403.01(b)(6), which give the Commission authority over all D.C. Code offenders serving terms of supervised release and largely gives the Commission the same authority as is vested in the U.S. District Courts by 18 U.S.C. § 3583. According to 18 U.S.C. § 3583(e)(3), when the Commission revokes a term of supervised release, an offender may be required to serve all or part of the term of supervised release authorized by statute without credit for time served on post release super-vision. See also, 28 C.F.R. § 2.21(c); United States v. Hager, 288 F. 3d 136, 137-38 (4th Cir.). See also, D.C. Code § 24-406.

The Commission does lacks authority to forfeit time spent on supervised release after revocation or parole revocation, be-cause sentencing judges cannot imposed a sentence beyond the maximum expiration statutory re-lease date. See U.S. v. Thorne, 153 F. 3d 1130 (4th Cir. 1998). SEE ALSO D.C. Code § 24-221-03, TiTLE 18 U.S.C. § 3551 AND 3582-3586.

The Fourth Circuit Court of Appeals was squarely faced with the sole issue of whether "NON-JUDICIAL OFFICERS" can make the "FINAL ADJUDICATION" of a prisoner's sentence. See U.S. v. Johnson, 48 F. 3d 806, 808-09 (4th Cir. 1995). See also, U.S. v. Miller, 77 F. 3d 71 (4th Cir. 1996). It is unlawful for Parole officials, Prison Officials or Executive officials to redetain, detain, revoke or take "STREET TIME CREDITS/GOOD TIME CREDITS" from any person, that will automatically violate his/her liberty interest and due process rights. Prison officials or parole officials has never taken a "SWORN OATH" in office under the "ARTICLE III CLAUSE", that will give them judicial power to had operated as official judges, whereas they can be "IMPEACH" for their wrong-doings.

Parole officials cannot impose any kind of judicial punishment on a parolee or supervised release offender in jail or out of jail. See U.S. v. Benz, 282 U.S. 304, 311, 51 S. Ct. 113, 75 L. Ed 354 (1931; Mistretta v. U.S., 488 U.S. 361 (1989). See also, Title 18 U.S.C. § 3551 (a), 3553, etc. A United States Magistrate judge only have limited power to hold a judicial hearing, make "RECOMMENDATION" only to an Article III Judge to make a final judgment in court and this fact finding cannot be delegated to the U.S. Parole Commission at all. This authority rests with the Superior Court of the District of Columbia. See D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law).

-13-

PRIMA FACIE ISSUES THAT CANNOT
BE DISPUTE BY THE RESPONDENTS

(1)    The respondents has no legal documentation in the petitioner's Criminal File that "  HE HAS WAIVED HIS RIGHTS TO A JUDICIAL SHOW CAUSE HEARING AT ALL AND D.C. CODE § 24-104 HAS BECAMED A RESERVED CRIMINAL STATUTE UNLAWFULLY BY THE FEDERAL GOVERNMENT."  For Governmental officials to keep on "KIDNAPPING" D.C. CODE OFFENDERS, MARYLAND CODE OFFENDER AND VIRGINIA CODE OFFENDERS will no longer stand as a legal  law. Any Criminal Statute enacted by Congress in bad faith, violates the Article VI Clause NO. 2.  The Federal Constution legally dictates to "ARTICLE III JUDGES" to respect the law with great integrity, as pursuant to Article VI, Clause 2, which stipulates:

> " This Constitution, and the Laws of the United States which shall be made in Pursuance thereof;  and all Treaties Made, under the Authority of the United States, shall be the Supreme Law of the Land;  and the Judges in every State shall be bound thereby,  any State to the Contrary notwithstanding.

(2)  The Supreme Court Justice had declared that bad provision of laws enacted by the state, which arbitrarily affect a class of people and their substantial rights or liberty interest, should be review under a "WRIT OF MANDAMUS" to quickly resolve that controversy.  See Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60 (1801).  The petitioner had stated in his writ that this court should issue a Writ Of Mandamus against the U.S. Marshal

Services, not to no longer "HONOR" parole detainers/warrants for the U.S. Parole Commission at all, because those detainer are filed unconstitutional, when the parolee will no longer be brought back to his Sentencing Judge ever again.  The Writ of Mandamus was an appropriate remedy at law, as requested in the first instant, whether the petitioner had alleged facts that involve the execution of his Supervised Release Term.

The petitioner now respectfully request that this Honorable Court will issue an emergency writ against the U.S. Attorney Office in the District of Columbia, to no longer represent the U.S. Parole Commission in future court's proceeding, because Parole Entity is operating in a "FRAUDULENT MANNER" and criminal charges should be brought against parole officials, whereas the respondents should "PAY FOR THEIR OWN LAWYERS."  All the prosecutors in this case representing the respondents can be charge for "OBSTRUCTION OF JUSTICE" by interfering with the petitioner's court's litigation, by asking the presiding judge to dismiss his case without reviewing the merits. See U.S. v. Oliver North, 910 F. 2d 843 (D.C. Cir. 1990).

The D.C. Circuit Court of Appeals are in process of deciding whether federal parole guidelines should be apply retroactive on D.C. Code Offender?  That case should had been decided on the main issue of the U.S. Parole Commission violation the "SEPARATION OF POWER DOCTRINE AND THE FEDERAL BOARD BEING ALREADY ABOLISHED."

(3)  D.C. Code § § 24-406 strongly gives illegal power
to the U.S. Parole Commission to file detainer-warrants to
the U.S. State Marshal office and the warrant will be executed
against the parolee for alleged of violating a condition of
parole.  The parolee will not receive a judicial court's Show
Cause Hearing at all or a "BOND HEARING" at all, but strickly
"LOCK-UP" detention over the D.C. Jail without an official
"COURT ORDER" at all.  The above D.C. Code statute also authorized
the U.S. Parole Commission to really deprived D.C. Code Offenders
of their "STREET TIME CREDITS."

(4)  The Criminal Procedure Rule No. 32.1 (a) (1) gives
the Superior Court judges power of "Revoking or Modifying Pro-
bation or Supervised Release and not the U.S. Parole Commission,
as stipulated below:

> (a)  Initial Appearance.
>
> (1)  Person In Custody.  A person in custody
> for violating probation or supervised release
> must be taken without unnecessary delay before
> a magistrate Judge.
>
> (A)  If the person is held in custody in the
> district where an alleged violation occured,
> the initial appearance must be in that district.
> (2)  Revocation Hearing,  Unless waived by the
> person, the court must hold the revocation hearing
> within a reasonable time in the district having
> jurisdiction.  Rule No.  32.1 (2).

U.S. Parole Commission have a routine practise to use
Incident Reports as a violation of parole condition in jail and
when a parolee violate his condition of parole in society,  he
will not be seen by a magistrate judge.

(5)  District of Columbia Code 1973, § 24-104, gives the
court the power to revoke probation and not the U.S. Parole
Commission.  That probation statute is drawn broadly to give
the <u>court</u>  great leeway and flexibility to tailor the decision
on probation to each probationer's needs.  This power to revoke
probation must be exercised by "informed discretion based upon
a hearing in accordance with due process requirements, <u>Gagnon</u>
v. <u>Scarpelli</u>, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656
(1973).

(6)  This question arises, of course, whether may be the
policy implications to this development, <u>the de facto transfer</u>
<u>of the sentencing authority from the judge to the Parole Commission</u>
<u>etc. A  result in a violation of due process</u>.  What makes the U.S.
Parole Commission's "REPLACEMENT" unconstitutional, is that,
Congress is in violation of the Federal Laws, by extending the
U.S. Parole Commission's authority to unlawfully function in the
capacity for an "ARTICLE III JUDGE", <u>when parole officials are</u>
<u>un-learned to interpret the law and violated parolee constitutional</u>
<u>rights on purpose</u>.  Furthermore, "<u>FEDERAL FUNDS</u>" <u>are being paid to</u>
<u>executive officials to do harm to parolees</u> and "<u>TAX PAYER MONEY</u>
<u>ARE BEING WASTED ARBITRARILY</u>."  This is a "CRIMINAL FRAUD" upon
the government and the presiding judge in this case should adjust
a "FEDERAL REMEDY" to resolve this "GRAND ISSUE" above.  Revocation
hearing under the U.S. Parole Commission are more harsh and "BIAS"
than court's revocation hearing, which parole violators remain to
sufferred in jail without legal appellate rights process and no
right to a "BOND HEARING" at all.

The sole issue raised by the petitioner is whether his outstanding claims can be review by this Honorable Court and whether parole detainers/warrants has been "HONOR" unlawfully by the U.S. Marshal Services ?

As the Government had stated in their Opposition Motion on Page No.4. The injury must be "distinct and palpable" and not "abstract" or "conjectural" or "hypothetical." Allen v. Wright, 468 U.S. 737, 751 (1984). "[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." Id. at 752.

The federal judiciary's power to hear cases is constitutionally confined to "cases" is controversies, U.S. Constitutionally Artcle III, § 2, which impose certain limits on the federal courts. As the Eleven Circuit has held, "one of the most important of these constitutionally based limits is the requirement that a litigant have standing to invoke the power of a federal court." Malowney v. Federal Collection Deposit Group, 193 F. 3d 1346 (11th Cir. 1999). Article III's standing requirement is intended, among other things, to preserve the separation of power, conserve judicial resources improve judicial decision-making, and foster fairness for those who do not want their rights litigated by someone other than themselves. See Erwin Chemrinsky. Federal jurisdiction 57-59 (3 L. Ed. 199). Accordingly, the judicial function has two distinct elements: consideration of what the law means

- 18 -

and application of the law to cases and controversies. "Consideration" of laws involves not only interpreting the relevant constitutional, statutory, and common law, but also determining whether legislation and its execution are consistent with the constitution. See Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60 (1801). U.S. Parole Commission has a tendency to wait to a person serve one sentence on a criminal charge and than run the person's parole violation sentence "CONSECUTIVE" as to carry out "VINDICTIVE-PUNISHMENT" under his parole revocation procedure, which constituted a violation of the Ex Post Facto Clause; as well as punished prisoners for their "NATURE OF OFFENSE." On the contrary, "Application" of the resulting law involves pronouncing a judgment and carry[ing] it into effect. Muskrat v. U.S., 219 U.S. at 356, 31 S. Ct. at 253. The Court justified the creation of a "Biven Cause of Action" on the rule that where federal protected rights have been invaded ... courts will be alert to adjust relief. Id., 403 U.S. at 392, 91 S. Ct. 91 S. Ct. at 2002 (quoting Bell v. Hood, 66 S. Ct. 773, 776-77, 90 L. Ed. 939 (1946). State courts, equally with federal courts, are under an obligation to guard and enforce every right secured by the federal constitution. Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340, 3 L. Ed. 604. The safe guard of the Due Process Clause are "triggered" only when a 14th Amendment protected "liberty interest" is at stake. See Meachum v Fano, 49 L. Ed. 2d 451, 96 S. Ct. 2532, 2537-38.

The Supreme Court has explained, "[t]he right to access to the courts ... is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegation concerning violation of fundamental constitu- tional rights." Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 2986, 41 L. Ed. 2d. 2d 935 (1974); See also Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). Other cases, it is true, have suggested that the right is located in the First Amendment. See Hudson v. Palmer, 468 U.S. 517, 523, 104 S. Ct. 3198-99, 82 L. Ed. 2d 393 (1984); California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S. Ct. 609, 611-12, 30 L. Ed. 2d 642 (1972). See also, Bell v. City of Milwaukee, 746 F. 2d. 1205, 1261 (7th Cir. 1984). A prisoner's right of access to the court is protected under the First Amendment's guarantee of the right to petition the government for a redress of grievances. U.S.C.A. Const. Amend. 1.

It is well established under the Supreme Court Laws, that a judge, prosecutor or trial lawyer cannot " BOY COTT OR PICKET" a pro se litigation at all nor can they put closure on the statutes 28 U.S.C. § 1361, 1561, 2254, 2255, 2241, 1291, 42 U.S.C. § 1983, 28 U.S.C. § 1331, D.C. Code § 23-110, 16-1901, 24-104 and the criminal Rule No. 32.1, overriding what Congress intended. See Cameron v. Johnson, 20 L. Ed. 182. U.S v. Horace Johnson, 20 L Ed. 2s 132. Bell v. Cith of Milwaukee, 746 F. 2d 1205, 1261 (7th Cir. 1984).

- 20 -

Whether there is an error in the Judgment and Commitment Order. The appellant/petitioner contends that there is an error imposed within his/her Judgment and Commitment Order, because the sentencing judge no longer have jurisdiction over the second portion of his original imposed sentence, and by statutes D.C. Code § 24-133 and 24-406 has "WAIVED" his legal rights to any "JUDICIAL SHOW CAUSE HEARING", established under the Criminal Rule No. 32.1.

Furthermore, whether the D.C. Board of Parole would had stay in existence, parole officials would had continue to function in bad faith also and this Honorable Court have legal jurisdiction to place a "CAP" on Congress personal intent to extend the U.S. Parole Commission's authority passed the October 2nd, 2005 dead-line. This is a "FEDERAL QUESTION" to be resolve by this court as expediously, because "KIDNAPPING" state D.C. Code Offenders, is a violation of Title 18 U.S.C. § § 1201, 241, 242 and 371, which cannot be disregarded    by law, pursuant to Title 28 U.S.C. § 453 and Article VI as justice requires.

## CONCLUSION

The petitioner/appellant respectfully request that this brief/motion be granted.

- 21 -

Respectfully submitted,

Milton J. Taylor

Milton J. Taylor
1175 Stevens Rd., S.E.
Washington, D.C., 20020

Dated: 10/21/2005

As the Fourth Circuit stated in Russell v. Oliver, 552 F. 2d 115, 116 (4th Cir. 1997), a liberal construction of a pro se complaint "requires that the judge view all of the allegations not as isolated incidents, but rather as a unit. The court must accept all of the factual allegations in the complaint as true and give Taylor the benefit of all inferences that can reasonably be drawn from those allegations. See Taylor v. U.S. Probation Office, Case No. 03-5370, decided on June 3rd, 2005. See also Kaempe v. Myers, 367 F. 3d 958, 963 (D.C. Cir. 2004). Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam).

Failure to provide a hearing o℞ considered an improper fact in evaluating the merits of the motion. In re Scott, 709 F. 2d 717 (D.C. Cir. 1988). See also Freeman v. Lane, 962 F. 2d 1252 (7th Cir. 1992).

The Government seeks to "MINIMIZE" the petitioner's outstanding claims to premature "THREATS" to faced the parole Commission's harsh guidelines procedure. This claim has nothing to do with whether the U.S. Parole Commission is a lawful ENtity, to function in the capacity of an "ARTICLE III COURT" and why 11,000 D.C. Code Offenders are being unlawfully "KIDNAPPED" in the entire Bureau of Prisons System without being re-sentence by their state judge.

-22-

Dated: 10/21#2005

milton J. Taylor
MILTON J. TAYLOR

Respectfully submitted,

*Milton J. Taylor*

MILTON J. TAYLOR
1175 Stevens Rd. S.E.
Washington, D.C., 20020
(202) 889-0450

PRO SE COUNSEL FOR PETITIONER


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Petitioner's Motion To Strike the Government Reply Opposition has been physically deliver by hand to the Assistant United States Attorney, Sherri L. Berthrong, 555 4th Street, N.W., Room 10-450 Washington, D.C., 20530, (202) 514-6948, on this 21ST, day of October, 2005.

*Milton J. Taylor*

MILTON JOSEPH TAYLOR


CC. TYRONE WILLIAMS
PETITIONER'S PAROLE OFFICER
3850 SOUTH CAPITOL St. S.E.
WASHINGTON, D.C., 20032


- 23 -

BP-S714.056 **NOTICE OF RI___ASE AND ARRIVAL**   CDFRM
APR 03
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**



| Inmate Name<br><br>Taylor, Milton | Reg No.: 06193-016<br>FBI No.: 126856V3<br>:<br>(Misc No.) | Institution/Address<br>FCC Petersburg-Medium<br>P.O. Box 90042<br>Petersburg, VA 23804 |
|---|---|---|

| Release Date: June 17, 2005 | Release Method: Good Conduct Time |
|---|---|

| Public Law Days<br>1 | Supervision to follow release: (if yes, advise inmate of Obligation to Report for Supervision)<br>**XX** YES 2 Years<br>___ NO |
|---|---|

| RELEASED TO: (Check one) |
|---|

| X  Community | N/A  Detainer |
|---|---|
| Transportation arranged to: Washington, DC<br>(City and State)<br>Method of transportation: Greyhound Bus<br>(Name of common carrier or other)<br>Date of expected arrival at residence: 06-17-2005 | Detaining Agency: _____<br>Agency Address: _____ |

| SUPERVISION JURISDICTION(s) |
|---|

| Sentencing District<br>Chief/Director: William F. Henry<br>Supervision Agency: USPO<br>District: District of Columbia Superior Court<br>Address: 250 West Pratt Street<br>Suite 400<br>Baltimore, MD 21201-2456<br>Phone: (410) 962-4820 | District of Residence (for relocation cases)<br>Chief/Director:_____<br>Supervision Agency:_____<br>District:_____<br>Address:_____<br><br>Phone: (   ) |
|---|---|

| Address of<br>proposed residence: | Milton Jones<br>1175 Stevens Road<br>SE Washington, D.C. 20020 |
|---|---|

| DNA STATUS |
|---|

| DNA sample required:<br>XX  YES          NO | If YES date sample taken<br>02-02-2005 | DNA Number<br>PEM00301 |
|---|---|---|

**Obligation to Report for Supervision:** If you were sentenced to, or otherwise required to serve, a term of supervision, this term begins immediately upon your discharge from imprisonment, and you are directed to report for supervision within 72 hours. If you are released from a detaining authority, you shall report for supervision within 72 hours after your release by the detaining authority. If you can not report for supervision in the district of your approved residence within 72 hours, you must report to the nearest U.S. Probation Office for instruction. Failure to obey the reporting requirements described above will constitute a violation of release conditions.

| Inmate's Signature (file copy only) |
|---|
|  |

**Distribution:**     Inmate Central File (Section 5), Inmate, Chief Supervision Officer in Sentencing District, Chief Supervision Officer in District of Residence, and U.S. Parole Commission (if applicable)

(This form may be replicated via WP)                    This form replaces BP-S714 dtd FEB 02

*ExHibi7 No. A*



# Court Services and Offender Supervision Agency
## for the District of Columbia

*Transitional Intervention for Parole Supervision-TIPS Unit*
**Branch 1 – Team #27**

MAY 24  AM 11: 12

OFFENDER PROCESSING
BRANCH

**DATE:** 5/24/2005

**(Revised 6-23-04)**

## REPORTING INSTRUCTION SHEET

| OFFENDER INFORMATION | | | |
|---|---|---|---|
| **NAME:** | Taylor, Milton | | |
| **DCDC #:** | 202-514 | **PDID#:** | 318-437 |
| **FEDREG#:** | 06193-016 | **CSOSA #: (Interstate Cases):** | |
| **ADDRESS:** | 1175 Stevens Rd, SE, Washington DC 20020 | | |
| **PHONE #:** | 202-889-0450 | | |

| RELEASE TYPE (Complete Appropriate Box) | | | |
|---|---|---|---|
| **PAROLE** | **Docket Number(s):** | **Release Date:** | **Full Term Expiration Date:** |
| **X  SUPERVISED RELEASE** | **Docket Number(s):** F4745-01 | **Release Date:** 6/18/2005 | **Length of Supervision:** 2 years |

| INTERSTATE INVESTIGATIONS | | | |
|---|---|---|---|
| ☐ **INTERSTATE** | **Docket Number(s):** | **Supervision Start Date:** | **Supervision End Date:** |
| **Charge:** | | **Special Conditions:** | |

| ASSIGNMENT TYPE: (Select appropriate type) | SPECIAL REFERRALS: (Select if applicable) |
|---|---|
| **General Supervision** | **None** |
| **Detainer or Warrant** ⇠ (List type and jurisdiction) | |
| **Comments:** | |

**You are instructed to report to the following address immediately upon release:**
PAROLE INTAKE UNIT/ OFFENDER PROCESSING UNIT– Team 45  300 Indiana Avenue NW, Room 2070
Washington, DC, 20001  (202) 585-7395

_____                    _____ 5/24/
**Offender Signature/Date**                    **CSOSA Personnel/Date**

*Release dates and full term expirations dates are subject to change in pre-release status. Consult USPC Certificate of
Release for final confirmation of these dates.*

*800 North Capitol Street, Suite 2607, NW, Washington, D.C. 20002*
*Voice: (202) 442-1495  Fax: (202) 442-1597*

EXHibiT No. B

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: TAYLOR, Melvin | Institution: Leavenworth FPC |
| Register Number: 01190-000 | |
| DCDC No: 208-941 | Date: January 28, 2002 |

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in December 2004, after the service of 36 months from the hearing date of December 20, 2001.

**NOTE**: The Parole Commission's file contains copies of numerous incident reports, which were not reviewed with you at your hearing. The Commission will attempt to obtain the dispositions of the reports, the majority of which occurred while you were in CCA custody. At your reconsideration hearing in December 2004, all of the incident reports listed below (and, in addition, any reports you receive between December 2001 and December 2004 will also be considered). If findings are made on the incidents, your Total Guideline Range as calculated above will increase.

2-10-2000 Possession of Contraband; Unauthorized Receipt/Any Item; Unauthorized Transfer/Receipt of Property.

1-19-2000 Sexual Misconduct

2-15-1999 Refusals to Work

11-12-1998 Sexual Misconduct

8-9-1998 Sexual Misconduct*

1-3-1998 Sexual Misconduct*

7-19-1995 Assault, Inciting a Riot, Bodily Injury

7-19-1995 Possession of major Contraband

11-3-1994 Threatening Another With Bodily Harm

10-26-1994 Threatening Another With Bodily Harm*

9-19-1994 Use of Vulgar, Abusive or Obscene Language; Threatening Another*

9-19-1994 Threatening Another With Harm; Use of Vulgar, Abusive or Obscene Language*

6-28-1994 Failure to Follow Verbal or Posted Rules and Order*

5-11-1994 Assault; Failure to Follow Verbal, Posted Rules and Orders; Threatening Another With Harm*

---

TAYLOR 01190-000                      -1-                      Clerk: VAH  VQH

ExHibiT No. C

3-24-1994 Assault

12-8-1992 Lack of Cooperation; Threatening Conduct; Creating a Disturbance; Willful Disobedience of General Order, Disrespect; Abuse of Privileges.

* (US Parole Commission will obtain a copy of the CCA Disciplinary Hearing report in each case with an asterisk).

**REASONS:**

Your Total Guideline Range is 165-185 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 112 months as of December 20, 2001.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

**SALIENT FACTOR SCORE (SFS-98)**

**Your Pts    Salient Factor Score (SFS-98) Item Explanations**

2       **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

1       **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

3       **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0       **D** - Recent commitment free period (three years)
        No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0       **E** - Probation/parole/confinement/escape status violator this time

---

TAYLOR 01190-000                         -2-                         Clerk:   VAH

*Exhibit No. D*

Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0      **F - Older offenders**
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

6      **Salient Factor Score (SFS-98)** (sum of points for A-F above)

## BASE POINT SCORE

**Your Pts**    **Base Point Score Category Explanations**

1      **I - Contribution from Salient Factor Score**
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

3      **II - Current or Prior Violence**
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

3      **III - Death of Victim or High Level Violence** (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

7      **Base Point Score** (sum I-III above)

## DISCIPLINARY GUIDELINES

You have 1 non-drug related infraction(s) [0-2 months each], which requires 0-2 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 0-2 months, which is to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

You have been granted a reduction of 8 month(s) from your Total Guideline Range for superior program achievement. This was granted because you completed a 132-hour Life Skills program, 132-hour Anger Management program, and a 12-hour pre-employment. In addition to those core programs, you completed several other programs in which specific hours or times were not indicated and those would include, a course in Painting, a Smoking Sensation program, and a Moral Development program. You attended and received certificates for attending 30 AA meetings for a period of 60 days followed by the attendance of 30 other related Twelve Step meetings for a consecutive period of 60 days. Finally, you are currently enrolled in the GED program at USP Leavenworth.

---

*ExHibiT No. E*

## TOTAL GUIDELINE RANGE

    54 — 72  Base Point Score Guideline Range
  119 - 119  Months Required to Serve to Parole Eligibility Date
     0 — 2  Disciplinary Guideline Range (if applicable)
less   8 — 8  Superior Program Achievement Award (if applicable)

  165 - 185  **Total Guideline Range**

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | | |
| | | | 0-3 | 4 | 5+ |
| 3 or less | 0 months | | | | |
| 4 | 12-18 months | 26 & Up | 3 | 2 | 1 |
| 5 | 18-24 months | | | | |
| 6 | 36-48 months | 22-25 | 2 | 1 | 0 |
| 7 | 54-72 months | | | | |
| 8 | 72-96 months | 20-21 | 1 | 0 | 0 |
| 9 | 110-140 months | | | | |
| 10 | 136-172 months | 0-19 | 0 | 0 | 0 |

EXHIBIT No. F

U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: TAYLOR, Melvin | Institution: Beckley FCI |
| Register Number: 01190-000 | |
| DCDC No: 208-941 | Date:     April 6, 2005 |

As a result of the hearing conducted on February 16, 2005 the following action was ordered:

Deny parole. Continue to a Five-Year Rehearing in February 2010.

Withdraw parole violator warrant dated July 6, 1992 and close FYCA case F-3748-83.

Assault 03-24-1994

Basis: Your admission and the DHO finding.

Assault 05-11-1994

Basis: Your admission and the DHO finding.

Threatening Another with Harm 09/16/1994

Basis: Your admission and the DHO finding.

Threatening Another with Harm 09/19/1994

Basis: Your admission and the DHO finding.

Threatening Another With Harm 10/26/1994

Basis: Your admission and the DHO finding.

Threatening Another With Bodily Harm 11/03/1994

Basis: Your admission and the DHO finding.

Assault 11/03/1994

Basis: Your admission and the DHO finding.

Possession of a Weapon 07/19/1995

Basis: Your admission and the DHO findings.

Assault 07/19/1995

Basis: Your admission and the DHO findings.

*ExHiBiT No. G*



Sexual Misconduct 01/03/1998

Basis: Your admission and the DHO findings.

Sexual Misconduct 08/09/1995

Basis: Your admission and the DHO findings.

Sexual Misconduct 11/12/1998

Basis: Your admission and the DHO findings.

Sexual Misconduct 01/19/ 2000

Basis: Your admission and the DHO findings.

Fighting 03/24/2003

Basis: Your admission and the DHO findings.

**REASONS:**

You have been in confinement as a result of your current offense behavior for a total of 152 months as of February 28, 2005. Your prior total guideline range is 165-185 months.

You have 11 non-drug related infraction(s) [0-2 months each], which requires 0-22 months to be added to your prior total guideline range.

You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Six severity because it involved assault on an officer(s) with injury on 11/3/1994. This requires 52-64 months to be added to your prior total guideline range.

You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Three severity because it involved major contraband (weapon) on 07/19/1995. This requires 12-16 months to be added to your prior total guideline range.

You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Three severity because it involved assault on an officer(s) on 07/19/1995. This requires 12-16 months to be added to your prior total guideline range.

Your new total guideline range is 241-303 months.

After consideration of all factors and information presented, a decision outside the new total guideline range at this consideration is not found warranted.

ExHibiT No. H

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001



Taylor .01190-000
Queued: 04-06-2005 16:03:21 BOP-Beckley FCI |

-3-

Clerk:   SRM

*Exhibit No. I*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

Case No.: **F4745.01**
PDID No.: **318.437**

vs.

Milton Taylor                                    Probation Revoked

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☐ Guilty to the Charge(s) of _____

Count "B" Distribution of Heroin

and having been found guilty by ☐ Jury ☒ Court, it is hereby **ORDERED** that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby **SENTENCED** to _____

Twenty (20) months in jail, Two (2) years Supervised Release.

☐ **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☐ **MANDATORY MINIMUM** term does not apply.

☒ **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above. Credit for time Served.

☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

    ☐ Observe the general conditions of probation listed on the back of this order.

    ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

    ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

    ☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.)

    ☐ The Court will distribute monies to _____

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

May 7, 2004
Date

Certification by Clerk pursuant to Criminal Rule 32(d).

May 7, 2004
Date

Judge W.P. Gardner Jr.

Deputy Clerk

Form CDX(18)-1040/Oct. 01

EXHIBIT No. K

13

**U.S. Department of Justice**
United States Parole Commission

**Certificate of Supervised Release**
**District of Columbia Code Offender**

To: _Milton Traylon_  PDID/DCDC No. _318·437_  Case No. _F4745·01_
  _Name_

Your term of supervised release is _20_ years, which begins when you are released from imprisonment, unless otherwise provided by law. You must comply with the conditions set forth on this certificate. In addition, when you report to your Supervision Officer after release from custody, your Supervision Officer will notify you of additional conditions that apply to you during your term of supervised release. If you fail to comply with any condition of supervised release, the United States Parole Commission may take action against you. That action may include revoking your term of supervised release.

## CONDITIONS OF RELEASE

1. You must report in person to your Supervision Officer within 72 hours of release from custody and inform such officer of the place where you will reside. If you are outside the District of Columbia and unable to report to your Supervision Officer within 72 hours, you must contact the nearest U.S. Probation Office for instruction.

2. You must not leave the Washington, D.C. Metropolitan Area, or other designated district of supervision, without the permission of your Supervision Officer.

3. You must permit your Supervision Officer to visit you at any time at home or your place of business or work, and must permit the Supervision Officer to seize from your residence, your place of business or work, or your person any material which the officer sees in plain view and believes may constitute contraband.

4. You must not violate any law or associate with a person engaged in criminal activity. You must not associate with any person who has a criminal record unless permitted to do so by your Supervision Officer.

5. You must not visit a place where a controlled substance is illegally sold, used, distributed, or administered.

6. You must not unlawfully possess or use a controlled substance or any paraphernalia related to such substances (you may take lawfully prescribed medication), and you must refrain from excessive use of alcohol. You must not possess a firearm, ammunition, or other dangerous weapon.

7. You must not enter into any agreement to act as an informant or special agent for any law enforcement agency without prior authorization from the U.S. Parole Commission.

Form USPC-CSR-1.1
Revised 06/03

Exhibit No. L .

☆ U.S. GOVERNMENT PRINTING OFFICE: 2004-305-791

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

| | |
|---|---|
| Name: TAYLOR, Melvin | Institution:  Leavenworth FPC |
| Register Number:  01190-000 | |
| DCDC No:  208-941 | Date:      January 28, 2002 |

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue to a Three-Year Reconsideration Hearing in December 2004, after the service of 36 months from the hearing date of December 20, 2001.

**NOTE**: The Parole Commission's file contains copies of numerous incident reports, which were not reviewed with you at your hearing.  The Commission will attempt to obtain the dispositions of the reports, the majority of which occurred while you were in CCA custody.  At your reconsideration hearing in December 2004, all of the incident reports listed below (and, in addition, any reports you receive between December 2001 and December 2004 will also be considered).  If findings are made on the incidents, your Total Guideline Range as calculated above will increase.

2-10-2000 Possession of Contraband; Unauthorized Receipt/Any Item; Unauthorized Transfer/Receipt of Property.

1-19-2000 Sexual Misconduct.

2-15-1999 Refusals to Work

11-12-1998 Sexual Misconduct

8-9-1998 Sexual Misconduct*

1-3-1998 Sexual Misconduct*

7-19-1995 Assault, Inciting a Riot; Bodily Injury

7-19-1995 Possession of major Contraband

11-3-1994 Threatening Another With Bodily Harm

10-26-1994 Threatening Another With Bodily Harm*

9-19-1994 Use of Vulgar, Abusive or Obscene Language; Threatening Another*

9-19-1994 Threatening Another With Harm; Use of Vulgar, Abusive or Obscene Language*

6-28-1994 Failure to Follow Verbal or Posted Rules and Order*

5-11-1994 Assault; Failure to Follow Verbal, Posted Rules and Orders; Threatening Another With Harm*

---

TAYLOR  01190-000                                   -1-                          Clerk:  VAH  VАН

*ExHibiT No. C*

01/2 '02 21:19:22    U    SOLE->    913 758 8475    Ri    X    Page 002

3-24-1994 Assault

12-8-1992 Lack of Cooperation; Threatening Conduct; Creating a Disturbance; Willful Disobedience of General Order; Disrespect; Abuse of Privileges.

* (US Parole Commission will obtain a copy of the CCA Disciplinary Hearing report in each case with an asterisk).

**REASONS:**

Your Total Guideline Range is 165-185 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 112 months as of December 20, 2001.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W. Suite 2149
       Washington, D.C. 20001

**SALIENT FACTOR SCORE (SFS-98)**

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 2 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 1 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time |

---

TAYLOR 01190-000                    -2-                    Clerk:    VAH

*ExHibiT No. D*



Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**0**    **F - Older offenders**
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

**6**    **Salient Factor Score (SFS-98)** (sum of points for A-F above)

## BASE POINT SCORE

**Your Pts**    **Base Point Score Category Explanations**

**1**    **I - Contribution from Salient Factor Score**
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

**3**    **II - Current or Prior Violence**
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

**3**    **III - Death of Victim or High Level Violence** (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

**7**    **Base Point Score** (sum I-III above)

## DISCIPLINARY GUIDELINES

You have 1 non-drug related infraction(s) [0-2 months each] which requires 0-2 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 0-2 months, which is to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

You have been granted a reduction of 8 month(s) from your Total Guideline Range for superior program achievement. This was granted because you completed a 132-hour Life Skills program, 132-hour Anger Management program, and a 12-hour pre-employment. In addition to those core programs, you completed several other programs in which specific hours or times were not indicated and those would include, a course in Painting, a Smoking Sensation program, and a Moral Development program. You attended and received certificates for attending 30 AA meetings for a period of 60 days followed by the attendance of 30 other related Twelve Step meetings for a consecutive period of 60 days. Finally, you are currently enrolled in the GED program at USP Leavenworth.

---

TAYLOR  01190-000                                    -3-                            Clerk:  VAH

*Exhibit No. E*

## TOTAL GUIDELINE RANGE

    **54—72**    Base Point Score Guideline Range
   **119-119**    Months Required to Serve to Parole Eligibility Date
     **0—2**    Disciplinary Guideline Range (if applicable)
**less**  **8—8**    Superior Program Achievement Award (if applicable)

   **165-185**   **Total Guideline Range**

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
| --- | --- | --- | --- | --- | --- |
| Base Point Score | Guideline Range | Age | Prior Commitments | | |
| | | | 0-3 | 4 | 5 |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |

ExHibiT No. F



U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

| | |
|---|---|
| Name: TAYLOR, Melvin | Institution: Beckley FCI |
| Register Number: 01190-000 | |
| DCDC No: 208-941 | Date:    April 6, 2005 |

---

As a result of the hearing conducted on February 16, 2005 the following action was ordered:

Deny parole. Continue to a Five-Year Rehearing in February 2010.

Withdraw parole violator warrant dated July 6, 1992 and close FYCA case F-3748-83.

Assault 03-24-1994

Basis: Your admission and the DHO finding.

Assault 05-11-1994

Basis: Your admission and the DHO finding.

Threatening Another with Harm 09/16/1994

Basis: Your admission and the DHO finding.

Threatening Another with Harm 09/19/1994

Basis: Your admission and the DHO finding.

Threatening Another With Harm 10/26/1994

Basis: Your admission and the DHO finding.

Threatening Another With Bodily Harm 11/03/1994

Basis: Your admission and the DHO finding.

Assault 11/03/1994

Basis: Your admission and the DHO finding.

Possession of a Weapon 07/19/1995

Basis: Your admission and the DHO findings.

Assault 07/19/1995

Basis: Your admission and the DHO findings.

---

Taylor 01190-000                                    -1-                      Clerk:    SRM
Queued: 04-06-2005 16:03:21 BOP-Beckley FCI |

*EXHIBIT No. G*



Sexual Misconduct 01/03/1998

Basis: Your admission and the DHO findings.

Sexual Misconduct 08/09/1995

Basis: Your admission and the DHO findings.

Sexual Misconduct 11/12/1998

Basis: Your admission and the DHO findings.

Sexual Misconduct 01/19/ 2000

Basis: Your admission and the DHO findings.

Fighting 03/24/2003

Basis: Your admission and the DHO findings.

## REASONS:

You have been in confinement as a result of your current offense behavior for a total of 152 months as of February 28, 2005. Your prior total guideline range is 165-185 months.

You have 11 non-drug related infraction(s) [0-2 months each], which requires 0-22 months to be added to your prior total guideline range.

You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Six severity because it involved assault on an officer(s) with injury on 11/3/1994. This requires 52-64 months to be added to your prior total guideline range.

You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Three severity because it involved major contraband (weapon) on 07/19/1995. This requires 12-16 months to be added to your prior total guideline range.

You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Three severity because it involved assault on an officer(s) on 07/19/1995. This requires 12-16 months to be added to your prior total guideline range.

Your new total guideline range is 241-303 months.

After consideration of all factors and information presented, a decision outside the new total guideline range at this consideration is not found warranted.

---

Taylor 01190-000
Queued: 04-06-2005 16:03:21 BOP-Beckley FCI |

Clerk:   SRM

*ExHibiT No. H*

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.


cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001



*Exhibit No. I*

HABEAS, PROSE-NP, TYPE-G

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:05-cv-01887-RWR

TAYLOR v. U.S. PAROLE COMMISSION et al
Assigned to: Judge Richard W. Roberts
Cause: 28:2241 Petition for Writ of Habeas
Corpus (federa

Date Filed: 09/23/2005
Jury Demand: None
Nature of Suit: 530 Habeas
Corpus (General)
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**MAURICE D. TAYLOR**            represented by   **MAURICE D. TAYLOR**
1175 Stevens Road, SE
Washington, DC 20020
PRO SE

V.

**Respondent**

**U.S. PAROLE COMMISSION**

**Respondent**

**COURT SERVICES AND
OFFENDER SUPERVISION
AGENCY FOR THE DISTRICT
OF COLUMBIA**

**Respondent**

**U.S. MARSHAL SERVICES**

**Respondent**

**BUREAU OF PRISONS**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/23/2005 | 1 | EMERGENCY PETITION for Writ of Habeas Corpus (Filing fee $ 0.00) filed by MAURICE D. TAYLOR.(jf, ) (Entered: 09/27/2005) |
| 09/23/2005 | 2 | MOTION for Leave to Proceed in forma pauperis by MAURICE D. TAYLOR. (jf, ) (Entered: 09/27/2005) |

Exhibit No. J-1

| 09/23/2005 |   | FIAT ORDER granting 2 Motion for Leave to Proceed in forma pauperis . Signed by Judge Emmet G. Sullivan on 09/19/05. (jf, ) (Entered: 09/27/2005) |
| 09/23/2005 | 3 | MOTION to Expedite WRIT OF HABEAS CORPUS by MAURICE D. TAYLOR. (jf, ) (Entered: 09/27/2005) |
| 10/20/2005 | 4 | ORDER TO SHOW CAUSE. Signed by Judge Richard W. Roberts on 10/18/05. (lin, ) (Entered: 10/20/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/21/2005 12:42:21 | | |
| **PACER Login:** | us3871 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-01887-RWR |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

*ExHibit No. J-2*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Maurice D. Taylor,                          )
                                            )
       Petitioner,                      )
                                            )
       v.                              )    Civil Action No.  **05 1887**
                                            )
U.S. Parole Commission, *et al.*,           )
                                            )
       Respondents.                     )

### ORDER DIRECTING RESPONDENT TO SHOW CAUSE

Pursuant to 28 U.S.C. § 2243, it is this _18th_ day of ~~September~~ *October* 2005,

ORDERED that respondent, by counsel, shall, within **30** days of service of a

copy of this Order and the Petition, file with this Court and serve on the petitioner a statement

showing why the Writ of *Habeas Corpus* should not issue.

The Clerk of Court is directed to furnish a copy of the Petition and a certified copy of

this Order to the United States Marshal for the purpose of making service of same on the

United States Parole Commission, the United States Attorney for the District of Columbia, the

Attorney General for the District of Columbia, and the Court Services and Offender

Supervision Agency for the District of Columbia.

                                   *MMRoberts*
                           United States District Judge

*Exhibit No. J-3*

4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

Case No.: F4745.01

PDID No.: 318.437

Milton Taylor                     vs.                     Probation Revoked

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☐ Guilty to the Charge(s) of _____

Count "B", Distribution of Heroin

and having been found guilty by ☐ Jury ☑ Court, it is hereby **ORDERED** that the defendant has been convicted of
and is guilty of the offense(s) charged, and is hereby **SENTENCED** to _____

Twenty (20) months in jail, Two (2) years Supervised Release.

☐  **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☐  **MANDATORY MINIMUM** term does not apply.

☑  **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above. Credit for time Served.

☐  **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐  **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

☐  Observe the general conditions of probation listed on the back of this order.

☐  Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☒  Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐  Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.)

☐  The Court will distribute monies to _____

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

May 7, 2004
Date

Certification by Clerk pursuant to Criminal Rule 32(d).

May 7, 2004
Date

Judge W.P. Gardner Jr.

Deputy Clerk

Form CD(18)-1040/Oct. 01

**U.S. Department of Justice**
United States Parole Commission

**Certificate of Supervised Release**
**District of Columbia Code Offender**

To: _Milton Taylor_   PDID/DCDC No. _318.437_ Case No. _F4745.01_
        *Name*

Your term of supervised release is ___20___ years, which begins when you are released from imprisonment, unless otherwise provided by law. You must comply with the conditions set forth on this certificate. In addition, when you report to your Supervision Officer after release from custody, your Supervision Officer will notify you of additional conditions that apply to you during your term of supervised release. If you fail to comply with any condition of supervised release, the United States Parole Commission may take action against you. That action may include revoking your term of supervised release.

## CONDITIONS OF RELEASE

1. You must report in person to your Supervision Officer within 72 hours of release from custody and inform such officer of the place where you will reside. If you are outside the District of Columbia and unable to report to your Supervision Officer within 72 hours, you must contact the nearest U.S. Probation Office for instruction.

2. You must not leave the Washington, D.C. Metropolitan Area, or other designated district of supervision, without the permission of your Supervision Officer.

3. You must permit your Supervision Officer to visit you at any time at home or your place of business or work, and must permit the Supervision Officer to seize from your residence, your place of business or work, or your person any material which the officer sees in plain view and believes may constitute contraband.

4. You must not violate any law or associate with a person engaged in criminal activity. You must not associate with any person who has a criminal record unless permitted to do so by your Supervision Officer.

5. You must not visit a place where a controlled substance is illegally sold, used, distributed, or administered.

6. You must not unlawfully possess or use a controlled substance or any paraphernalia related to such substances (you may take lawfully prescribed medication), and you must refrain from excessive use of alcohol. You must not possess a firearm, ammunition, or other dangerous weapon.

7. You must not enter into any agreement to act as an informant or special agent for any law enforcement agency without prior authorization from the U.S. Parole Commission.

Form USPC.CSR-1.1
Revised 06/03

☆ U.S. GOVERNMENT PRINTING OFFICE: 2004-305-791

Superior Court