UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


MILTON J. TAYLOR          :
                          :
        Plaintiff,        :
                          :
                          :
    v.                    :        Civil Action No:  05-1634 (EGS)
                          :
                          :
ELEANOR HOLMES-NORTON,    :
U.S. PAROLE COMMISSION et al,  :
                          :
        Respondents.      :
_____:


PLAINTIFF'S MOTION REQUESTING THE PRESIDING JUDGE
TO MAKE A FINAL ADJUDICATED ON THE MERITS, BEFORE HIS CASE BECOME MOOT.


    Petitioner, Milton J. Taylor, respectfully request to this Honorable Court to expedite this case and make a final adjudicated on the merits without any further delays, for the following stated reasons below:

        (1). Mr. Taylor has explained his case to the fullest that the U.S. Parole Commission is an unlawful entity operating in bad faith under the Federal Law, against D.C. Code Offenders whom Supervised Release Term had been converted to parole unjustly by Mr. Taylor's Judgment and Commitment Order.

        (2). The decision in this case calls for a total "PHASE-OUT" against the U.S. Parole Commission and that this Court will "CAP" Congress intention to extend the U.S. Parole Commission's authority any further to act as an un-official judge.

RECEIVED
MAR 14 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(3). The U.S. Parole Commission is an "EXECUTIVE OFFICER" under the law, with excessive power approved by Congress-Woman Eleanor Holmes-Norton to grant, deny or revoke a D.C. Code Offenders's parole, pursuant to the D.C. Code § 24-131 (a), and to impose or modify conditions upon an order of parole, as well as the Parole Commission is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody, pursuant to Title 28 C.F.R. § 2. 98 (a)(2). Furthermore, the President had signed into law, legislation extending the Commission until October 31, 2005, See Public Law No. 107-273, 116 Stat. 1758, 1824.

(4). Congress and the U.S. President had co-signed to the enactment of bad provision of laws, by granting excessive-power to the U.S. Parole Commission to "REVOKE" a parolee sentence and make the "FINAL ADJUDICATION" on a parole violator 's revocation hearing. The Fourth Circuit Court of Appeals judges was [s]quarely faced with the same issue above, that non-judicial officers holding executive position in office, can never be able to impose a sentence on any person convicted in state or federal court and parole officials does not have judicial-power to take away a parolee "STREET TIME CREDITS" at all, nor can the U.S. Parole Commission can make the final adjudication on a parolee sentence. See U.S. v. Johnson, 48 F. 3d 806, 807-08 (4th Circuit 1995). See also, U.S. v. Thorne, 153 F. 3d 130 (4th Cir. 1998).

-2-

(5). On February 4th, 2005, in this same Courthouse, Judge Gladys Kessler had adopted the Report and Recommendation issue by Magistrate Judge Alan Kay, addressing Mr. Taylor's issue for whether a defendant supervised release term can be extended beyond his maximum sentence, by his Probation Officer. Mr. Taylor's criminal case was closed out by Judge Gladys Kessler as being mooted also and his term of Supervised Release Term had expired. See U.S. v. Milton J. Taylor, Criminal Action No. 97-35, Civil Action No. 04-669 (GK).

(6). For the above stated facts, the presiding judge over this case, have a legal duty to abolish the D.C. Code statutes § 24-406, 24-131, 24-133 and 28 C.F.R. § 2.20, as well as to "ABOLISH" the U.S. Parole Commission for good. See U.S. v. Estrada, 680 F. Supp. at 1338 (U.S. Parole Commission was abolished in the year of 1987); see also, Mistretta v. U.S., 488 U.S. 361 (U.S. Parole Commission was declared to be abolished by the Supreme Court judges in the year of 1992).

(7). Mr. Taylor now re-assert to this court, that it doesn't make no different if the D.C. Board of Parole had stayed in existence operating over D.C. Code Offenders or the U.S. Parole Commission had presume that current position, both parole Board had only one primarily legal duty, was only to make a **"RECOMMENDATION REPORT"** to the parolee sentencing judge

in the same fashion as a U.S. Magistrate judge.

(8). This court must stay mindful, that Mr. Taylor has never 'waived' his right to be brought back before the Superior Court on any **"SHOW CAUSE HEARING"** at all, pursuant to the Criminal Rule No. 32.1, but Congress had found away to abolished this above Criminal Rule, when the U.S. Parole Commission has been authorized to hold parole vocation hearings in a prison facility without offering any personal recognizance **"BOND HEARING"** at all. In accordance to the above Criminal Rule, it has always been the duty of a Magistrate judge to determine if there is probable cause to believe that a person has violated the terms of his supervised release status and the U.S. Parole Commission cannot perform this duty at all, when he has never taken a **"SWORN OATH IN OFFICIAL OFFICE, TO UPHOLD THE LAW IN GOOD FAITH"**, pursuant to Title 28 U.S.C. § 453. See <u>U.S</u>. v. <u>Melendez-Santana</u>, 353 F. 3d 93, 102 (1st Cir. 2003)

### CONCLUSION

Mr. Taylor contends that his Supervise Release Term of 2 years should be vacated, because he's not a parolee at all under the U.S. Parole Commission and parole officials are trying to plot to have Mr. Taylor place in an **"OUT-PATIENT DRUG TREATMENT PROGRAM"** on purpose, when Mr. Taylor's urine testing are comimng up negative, due to legal prescribe mde medicated drugs that has **"CODINE NUMBER 3"** in it. Mr. Taylor's

-4-

criminal case is pending on appeal in the D.C. Court of Appeals, in which his 18 months Cap will be reverse back to the Superior Court for resolution.

Mr. Taylor respectfully request that this Court will make it final decision within the next Seven (7) Days from the Clerk's docket Sheet.

Respectfully submitted,

*Milton J. Taylor*
MILTON J. TAYLOR
1175 Stevens Rd., S.E.
Washington, D.C., 20020

Dated: March 14th, 2006

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, a true copy of this motion to Make A Final Adjudication On The Merits, to Sherri L. Berthrong, Assistant U.S. Attorney, 555 4th Street, N.W., Room 10-450, Washington, D.C., 20530, hand delivered on this 14th, day of March 2006.