# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-5160**

**September Term, 2006**
05cv01634

**MANDATE**

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: _____  8/31/07

BY: _____ , Deputy Clerk

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

**Filed On:**

Milton Joseph Taylor,
     Appellant

   v.

Eleanor Holmes Norton, Congress-Woman for D.C.,
et al.,

     Appellees

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED   APR 3 0 2007

**CLERK**

**BEFORE:**    Rogers, Brown, and Kavanaugh, Circuit Judges

**FILED**

**ORDER**

AUG 3 1 2007

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Upon consideration of the notice of appeal, which is construed as including a request for a certificate of appealability, see Fed. R. App. P. 22(b); the motion for appointment of counsel; the motion for injunction pending appeal and the supplements thereto; the motion to expedite and the supplement thereto; the motion to govern future proceedings; the government's motion to dismiss appeal for lack of certificate of appealability and omnibus response to appellant's pending motions, the response thereto and the supplement to the response; the supplements styled as "Judicial Notice for the Panel Judges," "Appellant's Motion to Supplement New Facts that Will Cause this Court to Expedite this Case," and "Motion to Amend Appellant's Appendix, it is

    **ORDERED** that the motion for appointment of counsel be denied. The interests of justice do not warrant appointment of counsel in this case. See 18 U.S.C. § 3006A(2)(B). It is

    **FURTHER ORDERED** that the motion to dismiss for lack of a certificate of appealability be granted with respect to those of appellant's claims as to which success would necessarily imply the invalidity of his term of supervised release. See Wilkinson v. Dotson, 544 U.S. 74 (2005); Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Those claims sound in habeas, and a certificate of appealability is therefore required as to them. See 28 U.S.C. 2253(c); Madley v. United States Parole Commission, 278 F.3d 1306, 1308-10 (D.C. Cir. 2002). Appellant has not, however, made the requisite substantial showing of the denial of a constitutional right. See 28 U.S.C. 2253(c)(2). It is

    **FURTHER ORDERED**, on the court's own motion, that the district court's rejection of appellant's challenge to the taking of a DNA sample be affirmed. Appellant

A true copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ , Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## No. 06-5160                                September Term, 2006

has not demonstrated the taking of the sample violated his rights under either the Fourth Amendment, see Johnson v. Quander, 440 F.3d 489, 496 (D.C. Cir.), cert. denied, 127 S. Ct. 103 (2006); or the Fifth Amendment, see, e.g., United States v. Reynard, 473 F.3d 108, 1021 (9th Cir. 2007); United States v. Hook, 471 F.3d 766, 773-74 (7th Cir. 2006).  It is

**FURTHER ORDERED**, on the court's own motion, that the claims challenging appellant's current confinement, which are contained in his various motions and supplements filed in this court, be dismissed without prejudice to refiling in the district court for the district in which appellant is confined.  The claims presented in those pleadings must be brought by way of a habeas petition in the district with personal jurisdiction over appellant's immediate custodian.  See Padilla v. Rumsfeld, 542 U.S. 426, 437 (2004).  This court lacks original habeas jurisdiction.  See Felker v. Turpin, 518 U.S. 651, 660-61 (1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam